**Elisabet ESPAILLAT, Plaintiff–Appellant,**

**v.**

**CONTINENTAL EXPRESS, INC., Defendant–Appellee,**

**Continental Airlines, Inc., Defendant.**

**Docket No. 01–7948.**

United States Court of Appeals,
Second Circuit.

April 8, 2002.

Elisabet Espaillat Garcia, pro se, Clovis, CA, for Appellant.

Christopher D. Thomas, Esq., Nixon Peabody LLP, Rochester, NY, for Appellee.

Present WALKER, Jr., Chief Judge, NEWMAN and KEARSE, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Elisabet Espaillat sued Continental Express alleging, among other things, negligence surrounding an incident in which she was burned by hot coffee during one of the airline's flights. The jury found that Continental was not negligent. Espaillat appeals on several grounds.

Espaillat argues that the district court should have ordered a new trial because the jury's verdict was against the weight of the evidence. She also argues that her attorney provided her with ineffective assistance. Finally, she argues for the first time on appeal that the composition of the jury was racially discriminatory and that one of the jurors made a racially biased comment to Espaillat's sister after the trial.

None of Espaillat's claims justify relief. The denial of a motion for a new trial on the ground that the verdict was against the weight of the evidence is not subject to appellate review. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 910 (2d Cir.1997). Ineffective assistance of counsel is not a proper ground for relief in

a civil matter. *United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981). Espaillat's arguments that the jury selection excluded Hispanic jurors are neither supported by the evidence nor sufficiently particularized or proven to require a new trial. Finally, claims of misconduct and racial bias within the jury should be raised through a Rule 60(b) motion in the district court. Because Espaillat's claim is raised for the first time on appeal, we decline to reach the issue.

For the foregoing reasons, the judgment of the district court is AFFIRMED.